## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

-------------------------------------------------------

GLYNN HOSPITALITY GROUP, INC.

                Plaintiff,              Civil Docket No. 1:21-cv-10744

v.

RSUI INDEMNITY COMPANY

                Defendant.

-------------------------------------------------------

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendant, RSUI Indemnity Company ("RSUI") hereby removes the above-captioned action to this Court based on the following supporting grounds:

### I.    PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.    On or about February 4, 2021, Plaintiff Glynn Hospitality Group, Inc. ("Glynn") filed an action in the Suffolk County Superior Court, which was captioned *Glynn Hospitality Group, Inc. v. RSUI Indemnity Company*, and docketed at Case No. 2184CV00259. A copy of the state court complaint (the "Complaint") is attached hereto as **Exhibit A**.

2.    On or about April 9, 2021 Glynn served a copy of the Complaint on RSUI. A copy of the Affidavit of Service is attached hereto as **Exhibit B**.

3.    The Complaint contains three cause of action, consisting of: breach of contract (Count I); breach of the covenant of good faith and fair dealing (Count II); and violation of G. L. c. 93A (Count III).

4.      Specifically, Glynn seeks damages allegedly resulting from RSUI's denial of Glynn's business income insurance claim allegedly caused by COVID-19.

## II.      THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

5.      Plaintiff's Complaint alleges that Plaintiff operates nine locations including restaurants, bars, pubs, and entertainment venues located in Suffolk County in the Commonwealth of Massachusetts. The Complaint further alleges that five of these locations were shut down for approximately 3-4 months, while the remaining four have been closed since March 15, 2020. Based upon the pled allegations, it is facially apparent from the Complaint that the amount in controversy exceed $75,000.00, exclusive of interest and costs.

6.      The United States District Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See*, 28 U.S.C. § 1332.

7.      According to the Complaint, Plaintiff Glynn is a Massachusetts Corporation that operates restaurants, bars, pubs, and entertainment venues in the County of Suffolk, Commonwealth of Massachusetts.

8.      RSUI is a Georgia corporation with a principal place of business located at 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326.

9.      Accordingly, the Glynn and RSUI are citizens of different states. Therefore, complete diversity of citizenship exists and the requirement set forth in 28 U.S.C. § 1332(a)(1) is satisfied in the present case.

1039550\308098835.v1

10.     Based on the foregoing, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy, pursuant to 248 U.S.C §§ 1332, 1441, and 1446.

### III.   DEFENDANT HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

11.     RSUI was served with process on April 9, 2021. Removal is therefore timely under 28 U.S.C. § 1446(b), as fewer than 30 days have elapsed since the RSUI was served with process.

12.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Glynn and will be filed with the Clerk for the Suffolk County Superior Court, following the filing of this Notice of Removal.

13.     Within 28 days of filing this Notice of Removal, RSUI shall file with this Court certified or attested copies of all records and proceedings in Suffolk County Superior Court, pursuant to D. Mass. Local Rule 81.1

14.     RSUI reserves the right to amend or supplement this Notice of Removal and reserves all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

15.     No previous application has been made for the relief requested herein.


**WHEREFORE**, RSUI respectfully requests that this case proceed in this Court as an action properly removed to it.

1039550\308098835.v1

Respectfully submitted,

Attorney for Defendant
RSUI Indemnity Company

By: Their Attorney

 /s/ Steven E. DiCairano
Steven E. DiCairano, BBO #694228
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
617-213-7000
617-213-7001
sdicairano@hinshawlaw.com

Dated:      May 6, 2020


### CERTIFICATE OF SERVICE

I, Steven E. DiCairano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Steven E. DiCairano
Steven E. DiCairano

1039550\308098835.v1